UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MARISA BERSHAD,                                             CASE NO.: 23-cv-60516

        Plaintiff,

v.

ALLEGIANT AIR, L.L.C.,

        Defendant.
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Marisa Bershad, through her Attorneys, brings this action against Defendant, Allegiant Air, L.L.C., for personal injuries sustained during an interstate flight operated by the Defendant on a ticket issued in the United States.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Marisa Bershad, is a citizen of the State of Tennessee.

2. Defendant, Allegiant Air, L.L.C. ("Allegiant") is a limited liability company organized under the laws of the State of Nevada, with its principal place of business in Nevada.

3. Upon information and belief, Allegiant's sole member is Allegiant Travel Company, a Nevada corporation, with its principal place of business in Las Vegas, Nevada.

4. Allegiant is therefore a citizen of the State of Nevada.

5. Allegiant operates as an air carrier providing flights throughout the United States, including flights originating and terminating at Fort Lauderdale-Hollywood International Airport ("FLL") in Fort Lauderdale, Florida, as well as numerous other locations within the State of Florida.

6. Further, Allegiant provides coordinated ticketing and operation of flights between

airports located within the state of Florida, including FLL, and numerous other locations throughout the United States.

7. Allegiant is registered with the Florida Secretary of State as a foreign limited liability company authorized to transact business in the State of Florida, and Allegiant maintains offices in Florida to conduct such business.

8. Thus, Allegiant is engaged in substantial and not isolated activity within the State of Florida through its own operations.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

10. This Court has personal jurisdiction over Defendant pursuant to § 48.193(1)(a), *Florida Statutes*, as Allegiant operates, conducts, engages in, or carries on a business in the State of Florida and it has offices in the State of Florida.

11. This Court has personal jurisdiction over Defendant pursuant to § 48.193(2), *Florida Statutes*, in that Allegiant is engaged in substantial and not isolated activity within the State of Florida.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), in that Defendant is deemed to be a resident of this district based on 28 U.S.C. §§ 1391(c)(2) and (d).

**FACTUAL ALLEGATIONS**

13. On May 17, 2021, Ms. Bershad was flying from Knoxville, Tennessee to Fort Lauderdale, Florida on an Allegiant flight.

14. Ms. Bershad was travelling for a surgical follow-up to a previous shoulder surgery.

15. Because Ms. Bershad was still recovering from the surgery and her mobility was

limited, she requested wheelchair service to the departure gate and she selected a seat in the first row for ease of access.

16. When Ms. Bershad arrived at the airport, a wheelchair was not available, so she made her own way to the gate.

17. Upon boarding the aircraft, her first-row seat was occupied.

18. Instead of asking the passenger occupying her seat to move to their assigned seat, the cabin crew directed Ms. Bershad to sit in the second-row window seat.

19. As Ms. Bershad attempted to slide her way into the second row, she tripped on a bag that was in the aisle and she fell, reinjuring her shoulder.

20. Ms. Bershad was crying in pain, and she asked the flight attendant multiple times for some ice to put on her shoulder to help alleviate the pain.

21. Ms. Bershad was not provided any assistance until more than hour and a half into the flight, when another passenger persuaded the flight attendant to bring her some ice.

22. As a result of the incident, Ms. Bershad suffered injuries to her shoulder and neck.

## COUNT I
## NEGLIGENCE

23. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 22 as if fully restated herein.

24. Allegiant is a common carrier who owed Ms. Bershad the highest duty of care, foresight, prudence and diligence to ensure her safety throughout the flight.

25. Allegiant further had a duty to refrain from reassigning Ms. Bershad to another seat under the Air Carrier Accessibility Act ("ACAA")[1].

26. Allegiant breached its duty of care by requiring Ms. Bershad to move to an

---

[1] This lawsuit does not sound in violation of the ACAA, but in common law negligence.

unassigned seat, by failing to maintain its aisles free of obstructions, and failing to provide assistance to Ms. Bershad for her injuries.

27. As a direct and proximate result of Allegiant's conduct, Ms. Bershad has suffered injuries and damages, including, but not limited to, bodily injury, aggravation of a preexisting condition, pain and suffering, disability, disfigurement, mental anguish, loss of capacity of the enjoyment of life, and expense of medical treatment and care.

**WHEREFORE**, Plaintiff., Maria Bershad, demands judgment in her favor and against Defendant, Allegiant Air, L.L.C., for compensatory damages, costs, and prejudgment interest, and for such further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

DATED this 19th day of March, 2023.

/s/ *Robert T. Vorhoff*
PILOT LAW, P.C.
Brian J. Lawler, Esq. (*pro hac vice* pending)
Robert T. Vorhoff, Esq., Fla. Bar No. 98646
4632 Mt. Gaywas Dr.
San Diego, California 92117
Telephone: (619) 255-2398

blawler@pilotlawcorp.com
rvorhoff@vorhoff-legal.com
*Attorneys for Plaintiff, Marisa Bershad*